IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01454-BNB

LAWRENCE TURNER,

    Applicant,

v.

J. M. WILNER, Warden, FCI-Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 6 2008

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Applicant Lawrence Turner is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution at Florence, Colorado. Mr. Turner has filed **pro se** an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on August 19, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On September 17, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. Mr. Turner was given an opportunity to file a reply to the preliminary response but he has not done so.

The Court must construe the habeas corpus application liberally because Mr. Turner is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading

drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Turner claims that Respondent unlawfully has amended the judgment in Mr. Turner's criminal case by altering the schedule established by the sentencing court for payment of a fine. More specifically, Mr. Turner alleges that the sentencing court ordered payments through the BOP's Inmate Financial Responsibility Program (IFRP) not to exceed fifty percent of Mr. Turner's earnings and, even though he earns only $12.00 each month, Respondent is requiring him to make monthly payments of $50.00.

Respondent argues that this action should be dismissed because Mr. Turner has failed to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Turner. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by

2

attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. See 28 C.F.R. §§ 542.13 - 542.15.

Mr. Turner concedes in the application that he has not exhausted administrative remedies prior to filing the instant action and, as noted above, he has not filed a reply to the preliminary response. However, Mr. Turner argues in the application that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. Mr. Turner specifically argues in the application that exhaustion would be futile because Respondent has refused to accept and process his administrative remedy submissions and because Respondent has taken the position that Mr. Turner's payment schedule can be adjusted and will not revisit the issue.

Mr. Turner is correct that the exhaustion requirement may be waived if exhaustion would be futile. See *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in this action. For one thing, Mr. Turner fails to demonstrate that he has filed any administrative remedy requests regarding the issue he raises in this action. According to the BOP records submitted by Respondent in support of his preliminary response, Mr. Turner filed an administrative remedy request on July 10, 2008, complaining that he lost his housing placement due to his refusal to participate in the IFRP.[1] However, that is not the issue Mr. Turner is pursuing in this

---

[1] On August 4, 2008, Mr. Turner submitted to the Court copies of an informal remedy request dated June 18, 2008, and a formal administrative remedy request dated June 19, 2008, complaining about his placement in IFRP refusal status because he missed a single IFRP payment. The case number on the formal administrative remedy request dated June 19, 2008, corresponds with the case number of the administrative remedy request Respondent identifies as being filed on July 10, 2008.

3

action. Furthermore, even if the July 10 administrative remedy request could be construed as raising the same issue Mr. Turner is raising in this action, Respondent has submitted documents demonstrating that the July 10 administrative remedy request was rejected on procedural grounds and Mr. Turner did not refile a proper administrative remedy request despite being given an opportunity to do so. Therefore, the administrative remedy request filed by Mr. Turner on July 10, 2008, does not satisfy the exhaustion requirement. Mr. Turner's conclusory and unsupported allegation that Respondent has refused to accept and process his administrative remedy submissions is insufficient to demonstrate that exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust.").

Mr. Turner's argument that exhaustion would be futile because Respondent has taken the position that Mr. Turner's payment schedule can be adjusted and will not revisit the issue also lacks merit. The administrative remedy procedure provides two levels of review beyond any decision by Respondent in this action. Therefore, even if Respondent has predetermined the issue, exhaustion of administrative remedies is not futile because Mr. Turner can appeal that decision.

For all of these reasons, the Court finds that Mr. Turner fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Turner may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be

4

dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 15 day of Oct., 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01454-BNB

Lawrence Turner
Prisoner No. 04210-089
FCI - Florence
P.O. Box 6000
Florence, CO 81226-06000

Hayley E. Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/16/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk